UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DONALD FESSENDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO: 3:15-CV-370 |
| v. | ) |
| | ) |
| RELIANCE STANDARD LIFE INSURANCE | ) |
| COMPANY and ORACLE USA, INC., | ) |
| GROUP LONG TERM DISABILITY PLAN | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001. Plaintiff seeks long term disability benefits under his employer Oracle America, Inc's employee welfare benefits plan ("the Plan"). Before the Court is Plaintiff, Donald Fessenden's ("Plaintiff's") "Motion to Determine Standard of Adjudication" filed on February 1, 2016. Defendants responded on March 1, 2016 to which the Plaintiff replied on March 11, 2016. For the following reasons, the Motion will be taken under advisement pending further briefing.

## FACTUAL BACKGROUND

The underlying facts are largely undisputed. The Plan is a fully funded group insurance policy issued by Defendant Reliance Standard Life Insurance Company ("Reliance") to Oracle America, Inc. According to the terms of the Plan, Reliance also acts as the Plan's claims review fiduciary. (Response, Exh. A at p. 13, §7.0). As the claims review fiduciary, the Plan provides Reliance with "discretionary authority to interpret the Plan and the insurance policy and determine

eligibility for benefits." The Plan further provides that decisions by Reliance are "complete, final and binding on all parties." (*Id.*).

Plaintiff was a Software Engineer Manager for Oracle USA until he became disabled and ceased working on January 2, 2008. Plaintiff applied for and received short term disability benefits from Reliance. Subsequently, on April 3, 2014, Plaintiff submitted a claim for long term disability benefits based on a last day of work on January 2, 2008. Upon receipt of the claim and due to the length of the disability, Reliance requested and received voluminous medical records from 2006 through 2014. On October 27, 2014, Reliance denied Plaintiff's claim and provided a detailed letter explaining the reason for the denial. The letter further provides detailed instructions on the steps necessary for Plaintiff to request review of Reliance's denial of benefits. Specifically, the letter states that the Plaintiff may request review of the determination within 180 days by submitting a written request to Reliance's Quality Review Unit in Hawthorne, NY.

On April 24, 2015, Plaintiff appealed the denial of his claim. He did so by faxing the appeal letter to Reliance's general fax number in Pennsylvania as opposed to mailing the appeal to the New York address specified in the denial letter. On April 29, 2015, Reliance received Plaintiff's submission by regular mail and forwarded it to Reliance's Quality Review Unit.

In written correspondence dated May 8, 2015, Reliance confirmed receipt of the appeal, assigned the file to Senior Benefit Analyst Jamil Jackson, and requested the completion of authorization forms by the Plaintiff. Reliance received completed authorization forms on May 18, 2015 and forwarded the file for an independent medical review on May 21, 2015. Reliance received the file back from the independent medical review on June 4, 2015. On June 17, 2015, Reliance notified Plaintiff that it required an additional 45 days to make its determination.

Thereafter, Reliance rendered its decision on August 27, 2015. In the interim, Plaintiff filed the instant lawsuit on August 19, 2015.

## DISCUSSION

"ERISA was enacted 'to promote the interests of employees and their beneficiaries in employee benefit plans,' and 'to protect contractually defined benefits.'" *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 113 (1989) (internal citations omitted). ERISA "permits a person denied benefits under an employee benefit plan to challenge that denial in federal court." *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 108 (2008). ERISA's civil-enforcement provision allows a claimant "to recover benefits due to him under the terms of his plan [and] to enforce his rights under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B)). Plaintiff's Complaint seeks to recover benefits under the Plan. However, in his current motion, the Plaintiff asks the Court to decide whether it will review Reliance's benefit determination *de novo* or under the more deferential standard for the insurer, the arbitrary and capricious standard. It is to this question that the Court now turns.

The Supreme Court announced the general rule in *Firestone* that "[a] denial of benefits challenged under [ERISA] is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." 489 U.S. at 115. If the benefit plan contains a discretionary clause, then the denial of benefits is to be reviewed for abuse of discretion. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008) (citing *Firestone*, 489 U.S. at 111, 115).

In this case, as set out in the facts, the Plan clearly contains a discretionary clause giving Reliance the authority to determine eligibility for benefits and to construe the Plan. Ordinarily, the existence of this discretionary clause ends the inquiry and this Court would review Reliance's

denial of benefits under the arbitrary and capricious standard. However, Plaintiff argues that because Reliance did not comply with the Department of Labor's timing regulations for making its benefit determination the claim is deemed denied. Once the claim is deemed denied, the Plaintiff, citing to *Nichols v. Prudential Ins. Co. of America,* 406 F.3d 98, 109 (2d Cir. 2005), asserts that the appropriate standard of review, despite the discretionary language in the Plan, is *de novo*.

The starting point in this analysis commences with a review of the applicable regulations. ERISA regulation 29 C.F.R. §2560.503-1 sets forth certain requirements for the claims procedures of eligible ERISA plans, including the timing and content of notification of benefit determinations. With respect to the appeal of an adverse benefit determination, those procedures specify:

> (h)…
> (1) In general. Every employee benefit plan shall establish and maintain a procedure by which a claimant shall have a reasonable opportunity to appeal an adverse benefit determination to an appropriate named fiduciary of the plan, and under which there will be a full and fair review of the claim and the adverse benefit determination…
>
> (i) Timing of notification of benefit determination on review—
>
> (1) In general.
> (i) Except as provided in paragraphs (i)(1)(ii), (i)(2), and (i)(3) of this section, the plan administrator shall notify a claimant in accordance with paragraph (j) of this section of the plan's benefit determination on review within a reasonable period of time, but not later than 60 days after receipt of the claimant's request for review by the plan, unless the plan administrator determines that special circumstances (such as the need to hold a hearing, if the plan's procedures provide for a hearing) require an extension of time for processing the claim. If the plan administrator determines that an extension of time for processing is required, written notice of the extension shall be furnished to the claimant prior to the termination of the initial 60–day period. In no event shall such extension exceed a period of 60 days from the end of the initial period. The extension notice shall indicate the special circumstances requiring an extension of time and the date by which the plan expects to render the determination on review.
>
> …
>
> (3) Disability claims.

> (i) Except as provided in paragraph (i)(3)(ii) of this section, claims involving disability benefits (whether the plan provides for one or two appeals) shall be governed by paragraph (i)(1) of this section, except that a period of 45 days shall apply instead of 60 days for purposes of that paragraph.

29 C.F.R. §2560.503-1(h)(1), (i)(1) and (i)(3). Thus, in the case of disability claims such as the one here, the regulations require a determination on appeal to be made within 45 days of receipt of the appeal unless written notification is made to the claimant that a 45 day extension is requested by the Plan for processing.

For purposes of calculating the 45 day period, the regulations provide that "the period of time within which a benefit determination on review is required to be made shall begin at the time an appeal is filed in accordance with the reasonable procedures of a plan, without regard to whether all the information necessary to make a benefit determination on review accompanies the filing." *Id.* at §2560.503-1(i)(4). However, the regulations also provide for tolling of the time period in certain limited situations:

> In the event that a period of time is extended as permitted pursuant to paragraph (i)(1), (i)(2)(iii)(B), or (i)(3) of this section due to a claimant's failure to submit information necessary to decide a claim, the period for making the benefit determination on review shall be tolled from the date on which the notification of the extension is sent to the claimant until the date on which the claimant responds to the request for additional information.

*Id.*

Finally, the regulations make clear that the failure of a Plan to adhere to the regulations excuses a claimant from the requirement that his internal review procedures be exhausted before suit in federal court:

> (l) Failure to establish and follow reasonable claims procedures. In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has

5

> failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

*Id.* at §2560.503-1(l).

Here, the Plaintiff asserts that Reliance failed to issue its decision on review of his appeal within 45 days (or 90 days extended). Thus, he was excused from exhausting all of his administrative remedies and was entitled to file suit. Said slightly differently, he asserts that because the Plan administrator did not meet the timing requirements, the Courts consider the claim "deemed denied" thereby permitting him to file a civil action in federal court to contest the denial of benefits. More importantly, Plaintiff, citing to *Nichols v. Prudential Ins.Co. of Am.,* 406 F.3d 98, 109 (2d Cir. 2005)[1] argues that once a claim is deemed denied for failure to comply with the regulatory procedures, the applicable standard of adjudication is *de novo* regardless of any discretionary language in the Plan documents. Indeed, according to *Nichols*, the Courts "may give deferential review only to actual exercises of discretion." *Id* at 107. Thus, as set out in *Nichols,* the failure to make a determination within the time frame is the absence of discretion by the Plan and thus, allows the claimant to utilize the *de novo* standard of review. *See also, Gilbertson v. Allied Signal, Inc.,* 328 F.3d 625, 632 (10th Cir.2003) ("Deference to the administrator's expertise is inapplicable where the administrator has failed to apply his expertise to a particular decision."); *Gritzer v. CBS, Inc.,* 275 F.3d 291, 296 (3d Cir.2002) ("Where a trustee fails to act or to exercise his or her discretion, de novo review is appropriate because the trustee has forfeited the privilege to apply his or her discretion; it is the trustee's analysis, not his or her right to use discretion or a mere arbitrary denial, to which a court should defer." (citing *Moench v. Robertson,* 62 F.3d 553, 567 (3d Cir.1995))); *see also Jebian v. Hewlett–Packard Co. Emp. Benefits Org. Income Prot.*

---

[1] Plaintiff acknowledges in his brief that the *Nichols* case interpreted a pre-2000 version of 29 C.F.R. §2560.503-1 which permitted 60 and 120 day deadlines for appeal determination. However, the rationale is equally applicable to the amended regulations.

6

*Plan,* 349 F.3d 1098, 1104 (9th Cir.2003) ("Decisions made outside the boundaries of conferred discretion are not exercises of discretion, the substance of the decisions notwithstanding.").

In response, Reliance expends much effort debating whether it did or did not meet the timing regulations and specifically whether the notification informing Plaintiff that an additional 45 days was required to process his appeal was timely. For instance, it argues that the appeal submission facsimile was not "submitted in accordance with the reasonable procedures of a plan" and thus, the 45 day period did not begin until April 29, 2015 when the claim was forwarded to the proper department rather than April 24, 2015, the date of the facsimile transmission. *See* 29 C.F.R. §2560.503-1(i)(4). Next, it argues that additional time is tolled because Reliance requested medical authorization forms from the Plaintiff and those took 10 days to return to Reliance. Similarly, it contends that it is entitled to additional tolling for the 14 days the file was under independent medical review. Thus, in its estimation, Reliance believes it really had 24 days from April 29, 2015 to send notification that an extension was required or until July 7, 2015.[2] Moreover, it argues that it complied with the regulations when it sent notification of a 45 day extension to the Plaintiff on June 17, 2015. Thus, it contends that all of Plaintiff's arguments regarding the timeliness of the extension request are unfounded and it had until August 21, 2015 to render its final determination.[3]

---

[2] Reliance calculates the date to be July 9, 2015. However, the Court's calculation is that 69 days (45 days + 24 days tolled as Reliance argues) makes the applicable date July 7, 2015. Regardless, as the body of this Order demonstrates, under either calculation, Reliance did not issue its final decision in accordance with the regulations' time frame.

[3] Plaintiff counters the tolling arguments, especially with respect to Reliance's contention that it was entitled to toll the time period where it was awaiting medical authorization forms. Plaintiff notes that the timing regulation state that tolling only occurs "due to a claimant's failure to submit information necessary to decide a claim" and the time is tolled "from the date on which notification of the extension is sent to the claimant." 29 C.F.R. 2560.503-1(i)(4). Plaintiff points out that a letter written to Plaintiff by Reliance wherein Reliance seeks the medical authorization forms does not indicate that Reliance intends to toll the time frame until it receives the executed medical authorization forms. Rather, it states "[t]o the extent that additional information is needed, [Reliance] will toll the relevant time frames for reaching an appeal determination from the time of our request for additional information until such time as we receive the requested information. Thus, in that letter, Plaintiff asserts that Reliance did not

This said, Reliance admits in its brief that even with applying the tolling provisions favorably to it, it did not render a final determination until August 27, 2015, six (6) days after its own calculation of the deadline. (Response, at 3: "Reliance … rendered its determination a few days after the complete 90 days expired…"). Thus, the tolling argument is simply a dispute over whether Reliance was 30 days late or 6, none of which appears to have much consequence in the dispute before the Court. Late is late.[4] Rather, to excuse the late determination of the appeal, Reliance invokes the doctrine of "substantial compliance" wherein it argues that substantial compliance with applicable statutory and regulatory guidelines suffices to meet ERISA requirements. *See Schneider v. Sentry Group Long Term Disability Plan*, 422 F.3d 621 (7th Cir. 2006).

Responding to this last argument, Plaintiff asserts that the substantial compliance doctrine is inapplicable to the timing regulations and applies only to the Department of Labor's more substantive regulations relating to the contents of communications with claimants. He notes that the cases cited by Reliance are cases wherein the Court has applied the substantial compliance doctrine to excuse a Plan's failure to comply with certain substantive regulations, such as a Plan's failure to comply with the content regulations in the issuance of a denial letter. *See Id.* He further argues that no Seventh Circuit cases address or apply the substantial compliance doctrine to the timing regulations.

---

indicate tolling was necessary due to the Plaintiff's "failure to submit information necessary to decide the claim" because it was that very letter in which information it now claims is the reason for tolling was being requested. However, as noted in the body of the Opinion, even if Reliance's tolling argument prevails, it was required to issue a determination by August 21, 2015 (90 days + 24 days tolled from April 29, 2015). It did not.

[4] Later in its brief, Reliance seemingly recants its admission that its final determination was not late. Reliance, after discussion of the substantial compliance argument states that because of substantial compliance, "its final determination on August 27, 2015 [was] not late." Response, at 6. This is an incorrect assessment. The determination, even under the best case scenario for Reliance, was, in fact untimely. The substantial compliance doctrine merely excuses the untimeliness so long as the administrator made efforts to comply with the applicable regulations.

8

Recently, and after the briefing was concluded on the present motion, the Second Circuit decided *Halo v. Yale Health Plan, Dir. of Benefits & Records Yale Univ.*, 819 F.3d 42 (2d Cir. 2016). In that case, the Plaintiff contested both the timing and content of the benefit denials from the Plan relating to her health coverage and sought to have the court review her claims under the *de novo* standard of review. The district court, however, concluded that the Plan was entitled to the arbitrary and capricious standard of review because under the substantial compliance doctrine, "…the substance and timing of its denials of Halo's claims were sufficient to indicate that [the Plan] had exercised its discretion…" *Halo*, 819 F.2d. at 47. On review, the Second Circuit, after a thorough and complete review of the history, purpose, and content of the ERISA regulations, reversed the district court and held as follows:

> Specifically, we hold that, when denying a claim for benefits, a plan's failure to comply with the Department of Labor's claims-procedure regulation, 29 C.F.R. § 2560.503–1, will result in that claim being reviewed *de novo* in federal court, unless the plan has otherwise established procedures in full conformity with the regulation and can show that its failure to comply with the regulation in the processing of a particular claim was inadvertent *and* harmless. We further hold that civil penalties are not available to a participant or beneficiary for a plan's failure to comply with the claims-procedure regulation. Finally, we hold that a plan's failure to comply with the claims-procedure regulation may, in the district court's discretion, constitute good cause warranting the introduction of additional evidence outside the administrative record.

*Halo*, 819 F.3d at 45. Thus, not only did the Second Circuit seemingly apply the "substantial compliance" doctrine to the entire claims procedure regulation (not just the substantive portions of the regulations, as Plaintiff argues here) it also created additional hurdles for a Plan seeking to invoke the substantial compliance doctrine in that its failure to comply in the processing of a *particular* claim must be both "inadvertent *and* harmless." *Id.*

Because this case was decided after briefing on this motion was complete, the parties have not had the opportunity to address how, if at all in their estimation, this case affects this court's

9

determination of the standard of review in this case. Moreover, the parties have not had the opportunity to address how *Halo's* additional requirements for a Plan to demonstrate substantial compliance may be applicable to this case. Accordingly, the Court directs the parties to file supplemental briefs within thirty (30) days addressing the *Halo* case and any additional authority evaluating/applying *Halo*. The briefs should specifically address, *Halo's* interpretation and application of the substantial compliance doctrine, and its impact on the determinations to be made here presently. The parties may then respond to the respective supplemental filing within fifteen (15) days thereafter.[5]

SO ORDERED. This 20th day of June, 2016

s/ William C. Lee
United States District Court

---

[5] It may be that additional discovery is required for the parties to adequately address whether the Plan here not only has procedures in place but can also show inadvertence and the absence of harm in this particular instance. The court shall leave that determination up to the parties to determine and address by way of a separate discovery motion if they deem it necessary.