UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

DONALD FESSENDEN, )
)
       Plaintiff, )
) CAUSE NO: 3:15-CV-370
v. )
)
RELIANCE STANDARD LIFE INSURANCE )
COMPANY and ORACLE USA, INC., )
GROUP LONG TERM DISABILITY PLAN )
)
       Defendants. )

## OPINION AND ORDER

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001. Plaintiff seeks long term disability benefits under his employer Oracle America, Inc's[1] employee welfare benefits plan ("the Plan"). Before the Court is Plaintiff, Donald Fessenden's ("Plaintiff's") "Motion to Determine Standard of Adjudication" [DE 13] filed on February 1, 2016. Defendants responded on March 1, 2016 to which the Plaintiff replied on March 11, 2016. On June 20, 2016, the undersigned entered an Opinion and Order [DE 21] taking the Plaintiff's motion under advisement and seeking additional briefing based on the case of *Halo v. Yale Health Plan, Dir. of Benefits & Records Yale Univ.*, 819 F.3d 42 (2d Cir. 2016). That briefing completed on August 12, 2016.[2] For the following reasons, the Plaintiff's Motion will be

---

[1] Oracle America, Inc. is the successor to Oracle USA, Inc., Group Long Term Disability Plan.
[2] Also pending is the Defendant's Motion for Order Deeming Response Brief Timely Filed or Alternatively, Motion for Extension of Time. [DE 28]. That motion is GRANTED. That said, the apple doesn't fall far from the tree. The present motion to determine the standard of adjudication exists, in part, due to the untimeliness of the Defendant in responding to the Plaintiff's appeal of the denial of benefits. Ironically, even after Defendant requested and was granted an extension of time to file the additional briefing [DE 25], counsel was STILL untimely thereby resulting in yet another Motion to the court.

1

DENIED to the extent it seeks application of the *de novo* standard of review. The arbitrary and capricious standard will apply.

## FACTUAL & PROCEDURAL BACKGROUND

The underlying facts are largely undisputed and have been previously set forth in the Court's June 20, 2016 Opinion and Order. [DE 21, at pp. 1-3]. Suffice it to say, the Defendant, Reliance Standard Life Insurance Company ("Reliance") is the fiduciary responsible for administering the Plan. The Plan provides Reliance with "discretionary authority to interpret the Plan and the insurance policy and determine eligibility for benefits" and declares that decisions by Reliance are "complete, final and binding on all parties." [DE 21, pp 1-2].

ERISA regulation 29 C.F.R. §2560.503-1, promulgated in 2000 and superseding the 1977 regulations, sets forth certain requirements for the claims procedures of eligible ERISA plans, including the timing and content of notification of benefit determinations. In the case of disability claims such as the one here, the regulations require a determination on appeal to be made within 45 days of receipt of the appeal unless written notification is made to the claimant that a 45-day extension is requested by the Plan for processing. Other regulations apply to toll the 45-day extension period but, the regulations make clear that the failure of a Plan to adhere to the regulations excuses a claimant from the requirement that his internal review procedures be exhausted before suit in federal court.

Plaintiff applied for, and Reliance denied him, long-term disability benefits. Plaintiff then appealed the initial denial. Although Reliance issued a timely initial determination denying the Plaintiff long-term disability benefits, this Court has previously determined that Reliance was untimely under the above regulations in making its determination on Plaintiff's appeal of the initial

denial.[3] In the interim, Plaintiff filed the present suit and the current motion seeking a determination of the standard review applicable based upon the facts of this case. It is to this question the Court now turns.

**DISCUSSION**

The Supreme Court announced the general rule in *Firestone* that "[a] denial of benefits challenged under [ERISA] is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." 489 U.S. at 115. If the benefit plan contains a discretionary clause, then the denial of benefits is to be reviewed for abuse of discretion. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008) (citing *Firestone*, 489 U.S. at 111, 115).

Here, the Plan clearly contains a discretionary clause giving Reliance the authority to determine eligibility for benefits and to construe the Plan. Ordinarily, the existence of this discretionary clause ends the inquiry and this Court would review Reliance's denial of benefits under the arbitrary and capricious standard. However, Plaintiff argues that because Reliance did not comply with the Department of Labor's timing regulations for making its benefit determination the claim is deemed denied. Once the claim is deemed denied, the Plaintiff, citing to *Nichols v. Prudential Ins. Co. of America,* 406 F.3d 98, 109 (2d Cir. 2005), asserts that the appropriate standard of review, despite the discretionary language in the Plan, is *de novo*.

In response, Reliance invokes the doctrine of "substantial compliance" in its attempt to salvage a more deferential standard of review in this case.[4] Under that doctrine, the courts

---

[3] The parties dispute whether the untimely decision was late by a few days or a few weeks but, regardless for current purposes "late is late" as this Court has previously noted. [DE 21, p. 8].
[4] Reliance also made an inconsistent argument that its appeals determination was timely. However, in its July 20, 2016 Order, the Court rejected that argument noting that "Reliance admits in its brief that even with applying the tolling provisions favorably to it, it did not render a final determination until August 27, 2015, six (6) days after its own calculation of the deadline…Thus, the tolling argument is simply a dispute

denial.[3] In the interim, Plaintiff filed the present suit and the current motion seeking a determination of the standard review applicable based upon the facts of this case. It is to this question the Court now turns.

**DISCUSSION**

The Supreme Court announced the general rule in *Firestone* that "[a] denial of benefits challenged under [ERISA] is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." 489 U.S. at 115. If the benefit plan contains a discretionary clause, then the denial of benefits is to be reviewed for abuse of discretion. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008) (citing *Firestone*, 489 U.S. at 111, 115).

Here, the Plan clearly contains a discretionary clause giving Reliance the authority to determine eligibility for benefits and to construe the Plan. Ordinarily, the existence of this discretionary clause ends the inquiry and this Court would review Reliance's denial of benefits under the arbitrary and capricious standard. However, Plaintiff argues that because Reliance did not comply with the Department of Labor's timing regulations for making its benefit determination the claim is deemed denied. Once the claim is deemed denied, the Plaintiff, citing to *Nichols v. Prudential Ins. Co. of America,* 406 F.3d 98, 109 (2d Cir. 2005), asserts that the appropriate standard of review, despite the discretionary language in the Plan, is *de novo*.

In response, Reliance invokes the doctrine of "substantial compliance" in its attempt to salvage a more deferential standard of review in this case.[4] Under that doctrine, the courts

---

[3] The parties dispute whether the untimely decision was late by a few days or a few weeks but, regardless for current purposes "late is late" as this Court has previously noted. [DE 21, p. 8].

[4] Reliance also made an inconsistent argument that its appeals determination was timely. However, in its July 20, 2016 Order, the Court rejected that argument noting that "Reliance admits in its brief that even with applying the tolling provisions favorably to it, it did not render a final determination until August 27, 2015, six (6) days after its own calculation of the deadline…Thus, the tolling argument is simply a dispute

"overlook administrators' failure to meet certain procedural requirements when the administrator has substantially complied with the regulations and the process as a whole fulfills the broader purposes of ERISA and its accompanying regulations." *Rasenack ex rel. Tribolet v. AIG Life Ins. Co.*, 585 F.3d 1311, 1317 (10th Cir. 2009) (quoting *Gilbertson v. Allied Signal, Inc.*, 328 F.3d 625, 634 (10th Cir. 2003)); see also *Robinson v. Aetna Life Ins. Co.*, 443 F.3d 389, 392–93 (5th Cir. 2006) (citing *Lacy v. Fulbright & Jaworski*, 405 F.3d 254, 257 (5th Cir. 2005)); *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 460 (6th Cir. 2003); *Halpin v. W.W. Grainger, Inc.,* 962 F.2d 685, 690 (7th Cir.1992). Indeed, in cases in which the substantial compliance doctrine applies, "a plan administrator, notwithstanding his or her error, is given the benefit of deferential review of the administrator's determination about a claim under the arbitrary and capricious standard (assuming, of course, that the plan document vests the administrator with discretion), rather than more stringent de novo review." *Edwards v. Briggs & Stratton Ret. Plan,* 639 F.3d 355, 362 (7th Cir.2011) (citing *Rasenack,* 585 F.3d at 1317). However, even so "an administrator who fails to render a timely decision can only be in substantial compliance with ERISA's procedural requirements if there is an ongoing productive evidence-gathering process in which the claimant is kept reasonably well-informed as to the status of the claim and the kinds of information that will satisfy the administrator." *Rasenack*, 585 F.3d. at 1317 (quoting *Gilbertson*, 328 F.3d at 636).

Recently, however the Second Circuit decided *Halo v. Yale Health Plan, Dir. of Benefits & Records Yale Univ.*, 819 F.3d 42 (2d Cir. 2016), wherein the Court rejected the substantial compliance doctrine as flatly contrary to the 2000 DOL regulations.[5] In *Halo*, the Plaintiff

---

over whether Reliance was 30 days late or 6, none of which appears to have much consequence in the dispute before the Court." [DE 21 at 8].

[5] In 2000, § 2560.503–1 was amended, and the "deemed denied" provision was replaced with the following paragraph:

4

contested both the timing and content of the benefit denials from the Plan relating to her health coverage and sought to have the court review her claims under the *de novo* standard of review. The district court concluded that the Plan was entitled to the arbitrary and capricious standard of review because under the substantial compliance doctrine, "…the substance and timing of its denials of Halo's claims were sufficient to indicate that [the Plan] had exercised its discretion…" *Halo*, 819 F.2d. at 47. On review, the Second Circuit, after a thorough and complete review of the history, purpose, and content of both the 1977 and 2000 DOL regulations, reversed the district court explaining as follows:

> Applying the 1977 regulation, a number of courts adopted the so-called 'substantial compliance' doctrine based on the view that 'depriving the administrator of his discretion for a minor procedural irregularity that did not substantively harm the claimant would reflect a hyper-proceduralism that is inconsistent with the flexibility and discretion contemplated by the Plan and ERISA regulations.' *Gilbertson v. Allied Signal, Inc.,* 328 F.3d 625, 634 (10th Cir.2003). Based on this reasoning, these courts held that, 'in the context of an ongoing, good faith exchange of information between the administrator and the claimant, inconsequential violations of the deadlines or other procedural irregularities would not entitle the claimant to *de novo* review.' *Id.* at 635.
>
> Whatever the merits of applying the substantial compliance doctrine under the 1977 claims-procedure regulation, we conclude that the doctrine is flatly inconsistent with the 2000 regulation…

> In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be *deemed to have exhausted* the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

29 C.F.R. § 2560.503–1(l) (emphasis added). The preamble to the regulation explains that the "Department's intentions in including this provision in the proposal were to clarify that the procedural minimums of the regulation are essential to procedural fairness and that a decision made in the absence of the mandated procedural protections *should not be entitled to any judicial deference.*" 65 Fed.Reg. at 70,255 (emphasis added).

5

> …Courts…should be reluctant to disturb the regulatory scheme the Department has devised under authority expressly granted to it by Congress. Accordingly, we reject the substantial compliance doctrine because it is inconsistent with the Department's regulation.

*Halo,* 819 F.3d at 56-57; *but see*, *Lundsten v. Creative Community Living Services, Inc. Long Term Disability Plan,* 2014 WL 2440716, E.D.Wis., May 30, 2014 (declining to afford deference to the DOL's guidance under the 2000 regulations citing *Chevron U.S.A. Inc. v. Natural Res. Def. Council,* 467 U.S. 837 (1984) and *Auer v. Robbins*, 519 U.S. 452, 461 (1997)); *Seger v. Reliastar Life,* No. 3:04 CV 16/RV/MD, 2005 WL 2249905, at *9 (N.D.Fla. Sept. 14, 2005) (no *Chevron* deference because the Department was not delegated the authority to "regulate the scope of the judicial power vested by" ERISA); *Towner v. CIGNA Life Ins. Co. of N.Y.,* 419 F.Supp.2d 172, 179 (D.Conn.2006) (no *Chevron* deference, citing *Seger* ); *Goldman v. Hartford Life & Accident Ins. Co.,* 417 F.Supp.2d 788, 803–04 (E.D . La.2006) (no *Chevron* or *Auer* deference).

The *Halo* court went on to note that despite its 2000 regulations, "the Department is advising plans that certain inadvertent and harmless deviations will not trigger *de novo* review." Accordingly, the Court struck a balance between slight deviations in complying with the regulations and the claimants right to have regulatory procedures followed:

> If the Department is advising benefit plans that it will tolerate inadvertent and harmless deviations in the processing of a particular claim, so long as the plan otherwise establishes procedures in full conformity with the regulation, we see no reason why courts should not also tolerate such minor deviations…
>
> …To prevent the exception from swallowing the rule, however, such deviations should not be tolerated lightly. Accordingly, we hold that, when denying a claim for benefits, a plan's failure to comply with the Department of Labor's claims-procedure regulation, 29 C.F.R. § 2560.503–1, will result in that claim being reviewed *de novo* in federal court, unless the plan has otherwise established procedures in full conformity with the regulation and can show that its failure to comply with the claims-procedure regulation in the processing of a particular claim was inadvertent *and* harmless. Moreover, the plan 'bears the burden of proof on

this issue since the party claiming deferential review should prove the predicate that justifies it.' *Sharkey v. Ultramar Energy Ltd.,* 70 F.3d 226, 230 (2d Cir.1995); *see also Nichols,* 406 F.3d at 108 (noting the "administrator had the burden of proving discretion").

*Halo*, 819 F.3d at 58. Thus, the Second Circuit, while rejecting the "substantial compliance" doctrine created additional hurdles for a Plan asserting that it was entitled to a deferential standard despite its failure to comply with procedural regulations. In such circumstances, the plan must demonstrate that it has (1) procedures in full conformity with the claims-procedure regulations and (2) its failure to comply in the processing of a *particular* claim was both "inadvertent *and* harmless." *Id.* [6]

---

[6] In 2015, pursuant to provisions in the Affordable Care Act, the Department of Labor published proposed regulations to section 503, at 29 CFR 2560.503-1, amending further the procedural rules, specifically as they relate to disability claims. These proposed regulations appear more in line with the Second Circuit approach in *Halo*.

> The proposal would strengthen the deemed exhaustion provision in the Section 503 Regulation in three important respects. First, the more stringent standards in the 2719 Final Rule would replace existing standards for disability benefit claims in cases where the plan fails to adhere to all the requirements of the Section 503 Regulation. Thus, in this respect, the proposal would adopt the 2719 Final Rule's approach, including an exception in paragraph (l)(2)(ii) for errors that are minor and meet certain other specified conditions. Second, in those situations when the minor errors exception does not apply, the proposal clarifies that the reviewing tribunal should not give special deference to the plan's decision, but rather should review the dispute de novo. Third, protection would be given to claimants whose attempts to pursue remedies in court under section 502(a) of ERISA based on deemed exhaustion are rejected by a reviewing tribunal.
>
> The minor errors exception would operate as follows. The proposal would provide that any violation of the procedural rules in the Section 503 Regulation would permit a claimant to seek immediate court action, unless the violation was: (i) de minimis; (ii) non-prejudicial; (iii) attributable to good cause or matters beyond the plan's control; (iv) in the context of an ongoing good-faith exchange of information; and (v) not reflective of a pattern or practice of non-compliance. In addition, the claimant would be entitled upon request, to an explanation of the plan's basis for asserting that it meets this standard, so that claimant could make an informed judgment about whether to seek immediate review.

Claims Procedure for Plans Providing Disability Benefits, 80 FR 72014-01.

Given the seeming acceptance of the substantial compliance doctrine by the Seventh Circuit decisions, at least one of which was decided prior to the promulgation of the 2000 regulations,[7] vis-a-vis the recent decision in *Halo* flatly rejecting that doctrine, the Court sought additional briefing from the parties.

It is no surprise that the Plaintiff implores the Court to apply the analysis in *Halo* and asserts that he has evidence demonstrating that Reliance neither established procedures or followed any and, as it pertains to this particular claim, the failure to comply was not inadvertent. For instance, Plaintiff cites the claims file and points to notations in the file where Reliance pinpointed the 45 day and 90 day dates that various communications under the regulations are required. Plaintiff goes on to note that despite the written file notations, Reliance failed to timely issue a 45 day letter and ultimately failed to issue a timely appeals determination. Finally, Plaintiff cites two other cases in other courts where, he represents, Reliance's failure to meet the regulatory deadlines are an issue. Thus, he suggests there exists an institutional pattern of non-compliance.

Where Plaintiff's well runs dry, however, is in his failure to make any argument or assertion whatsoever that Reliance's non-compliance caused him harm, so as to qualify under the *Halo* standards. Indeed, even if the Court applied the *Halo* analysis there is simply no evidence to support a finding that Reliance's non-compliance harmed the Plaintiff. Rather, Plaintiff had already filed suit prior to Reliance issuing its decision on his appeal, thereby asserting his further appeal rights.

That said, it is likewise no surprise that Reliance asserts *Halo* is inapplicable and entreats the Court to follow the "substantial compliance" doctrine as that doctrine has been espoused in

---

[7] *Halpin* was decided prior to the 2000 DOL Regulations. However, that case has continued to be followed in this Circuit by panels post-2000 regulations. *See Edwards,* 639 F.3d at 362 (7th Cir.2011); *Hackett v. Xerox Corp. Long-Term Disability Income Plan*, 315 F.3d 771, 775 (7th Cir. 2003).

8

prior Seventh Circuit cases such as *Halpin*. With respect to the applicability of *Halo*, Reliance makes the befuddling and completely unsupported argument that so long as it complies with the timeframes for the initial determination of benefits, any subsequent failure to abide by the regulatory framework is no harm, no foul. Setting that argument aside,[8] Reliance further argues that the delay, whether it be 6 or 30 days was occasioned by its use of an independent reviewer and also by the fact that it had to await the release of medical records from the Plaintiff. These types of delays, Reliance asserts, are acceptable so long as they are not excessive or unreasonable. *See Lundsten*, 2014 WL 2440716, at *5 ("'Aetna's decision was delayed pending the receipt of additional information, either from Lundsten's family, Lundsten's doctors, or from Lundsten herself. Further delay was also caused by Aetna's use of independent peer reviewers. None of these delays were excessive or unreasonable."); *see also, e.g., Seger,* 2005 WL 2249905, at *12 (given ReliaStar's repeated efforts to obtain the independent medical review, and the fact that it advised Seger of the cause underlying the delay of her appeal, Seger was not deprived of a full and fair review of her claim).

In this case, while the reasoned approach in *Halo* appears consistent with the Department of Labor's regulations, the Court is reluctant to follow out of circuit precedent when, to date, the Seventh Circuit has weighed in on this issue and applied the substantial compliance doctrine to excuse an insurer's non-compliance with the regulatory framework where the non-compliance is within reason and the insured has a full and fair review of the claim. *See Halpin,* 962 F.2d at 690. As noted above, Plaintiff has not asserted what harm has befallen him from the failure to comply.

---

[8] It seems disingenuous for Reliance to argue that an insurer can pick and choose which Department of Labor regulations it should comply with and which ones are merely suggestive. The Department of Labor's preamble explains that the regulations are procedural *minimums* to ensure fairness to the procedures for the insured. While this Court ultimately concludes here that Reliance is excused for its non-compliance, that is not a Court endorsement of its conduct here in failing to comply with the procedural regulations.

While Reliance certainly could have performed its obligations better, more timely, and with more communication to the Plaintiff, in the end, there appears no question that the goal of the regulations, i.e., to make certain an insured receives a full and fair review of his claim, was achieved here. This is not a case where the administrator ignored the Plaintiff's appeal altogether. Rather, Reliance reviewed six years of medical records;[9] it delivered the file to an independent medical reviewer for assessment; and it issued a lengthy denial letter explaining the reasons for its decision. Thus, Plaintiff was aware of the initial denial, the reasons for the denial and, albeit slightly belatedly, received a decision on the appeal of the denial of his initial claim. That is all that is required for the insurer to retain the benefit of deferential review, especially absent any evidence or argument as to prejudice. Accordingly, the Court concludes that Reliance substantially complied with the regulatory framework and the Plaintiff's claim will be reviewed under the arbitrary and capricious standard.

## **CONCLUSION**

Based on the foregoing, the Plaintiff's Motion to Determine Standard of Adjudication [DE 13] is DENIED to the extent it seeks review under the *de novo* standard. The Defendant's Motion for Order Deeming Response Brief Timely Filed or Alternatively, Motion for Extension of Time. [DE 28] is GRANTED.

Entered: This 26th day of September, 2016

s/ William C. Lee
United States District Court

---

[9] Plaintiff filed the long term disability claim in April, 2014 claiming a last day worked of January 2, 2008.