UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DONALD FESSENDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:15-CV-370-PPS-MGG |
| ) | |
| RELIANCE STANDARD LIFE ) | |
| INSURANCE COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Pending before the Court are two motions: Plaintiff's Motion to Compel [DE 79], issued to third party Dane Street, LLC, and Defendant Reliance's Motion to Compel [DE 105], issued to Plaintiff. Each is addressed below.

**I.    RELEVANT BACKGROUND**

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001. Plaintiff Donald Fessenden ("Plaintiff") seeks long term disability benefits under his employer Oracle America, Inc.'s employee welfare benefits plan; Defendant Reliance Standard Life Insurance Co. ("Reliance") is the claim administrator for the plan. Reliance denied Plaintiff's initial application for long term disability benefits on October 27, 2014. Plaintiff subsequently appealed Reliance's denial. When Reliance failed to issue a determination on the appeal within ninety days, as is required by ERISA regulations, Plaintiff filed this action.

On June 25, 2019, the United States Court of Appeals for the Seventh Circuit determined that a *de novo* standard of review applies in this case due to Reliance's tardiness in issuing a decision on Plaintiff's appeal. *Fessenden v. Reliance Standard Life Ins. Co.*, 927 F.3d 998, 999–1000 ("When a plan administrator commits a procedural violation, . . . it loses the benefit of deference and a de novo standard of review applies."). In denying a Motion to Conduct Standard Discovery filed by Plaintiff prior to the Seventh Circuit's determination, this Court applied the deferential arbitrary and capricious standard of review, which normally governs ERISA cases. [DE 33]. The parties now disagree about how to apply a *de novo* standard of review to the pending discovery in this case.

On October 18, 2019, Plaintiff filed a Motion to Compel third party Dane Street, LLC's ("Dane Street) compliance with a subpoena. [DE 79]. Reliance hired Dane Street, an independent medical examination and medical peer review company, to generate a medical record review of Plaintiff's claim. That review, conducted for Dane Street by Dr. Michelle Park, ultimately served as the basis of Reliance's denial of Plaintiff's claim. Plaintiff's subpoena requested information (1) related to the relationship between Dane Street and Reliance Standard, (2) provided by Reliance Standard to Dane Street concerning Plaintiff's claim, (3) regarding Dane Street's selection and training of record reviewing physicians, and (4) related to the relationship between Dane Street and Dr. Park and the resulting record review utilized by Reliance to deny Plaintiff's claim. [DE 79 at 3].

On January 9, 2020, Dane Street filed its response to Plaintiff's Motion to Compel noting that it had provided responses to a number of the subpoena's requests and had communicated to Plaintiff that they had no documents responsive to others. [DE 107]. A subsequent Protective Order agreed to by Plaintiff, Reliance, and Dane Street facilitated production of several other documents requested by the subpoena. [DE 115]. Yet, disputes remain over Dane Street's responses regarding pricing charged by Dane Street to Reliance between 2012 and 2014 and payments made based on the same; all payments to Dr. Park for any medical examinations, reviews, or consultations between 2012 and 2014; all reports generated by Dr. Park to Dane Street for disability claims between 2012 and 2014, and statistics regarding the same; and all payments received by Dane Street from any company for reviewing disability claims from 2010 to 2017.

On January 7, 2020, Reliance filed its own Motion to Compel seeking full responses to its request for production of documents served upon Plaintiff. [DE 105]. Reliance requests records pertaining to Plaintiff's application for disability income benefits from the Social Security Administration ("SSA") and the SSA's final decision; Plaintiff's medical records from 2014 to present; records pertaining to Plaintiff's work history with Oracle and any subsequent employment; Plaintiff's tax returns and records regarding other income sources from 2014 to present; and records of Plaintiff's personal activities and functionality. Plaintiff objects to Reliance's requests arguing primarily that they exceed the scope of discoverable information even under the *de novo* standard of review.

## II. ANALYSIS

In an ERISA case, if the benefit plan gives the claim administrator discretionary authority to determine eligibility for benefits, the district court must review a denial of benefits under a deferential "arbitrary and capricious" standard. *Hess v. Reg-Ellen Mach. Tool Corp. Emp. Stock Ownership Plan*, 502 F.3d 725, 727 (7th Cir. 2007). When the standard of review is deferential, the district court's review must be limited to the administrative record. *Krolnick v. Prudential Ins. Co. of Am.*, 570 F.3d 841, 843 (7th Cir. 2009). This means that discovery is generally disallowed in ERISA cases where the arbitrary and capricious standard applies. *See Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan*, 195 F.3d 975, 981–82 (7th Cir. 1999). However, where a court exercises *de novo* review over an ERISA claim, like the Court does here, it "may, in its discretion, hear new evidence." *Patton v. MFS/Sun Like Fin. Distribs., Inc.*, 480 F.3d 478, 483 (7th Cir. 2007).

Numerous factors are relevant to a district court's decision to allow discovery of new evidence in an ERISA case. The most important factor is "whether the evidence is necessary to an informed and independent judgment on the parties' claims and defenses." *Id.* at 491 (internal quotation marks omitted). This depends, in turn, on the nature of the claims presented and whether the administrative record was "relatively undeveloped" with respect to those claims. *Id.* Other relevant factors may include whether the plan administrator faced a conflict of interest or whether the parties had a chance to present their evidence in the administrative proceeding. *See id.* If the administrative record contains comprehensive evidence, then additional discovery may

4

be curtailed to avoid "undue burden or expense." *Krolnik*, 570 F.3d at 843. Indeed, even under *de novo* review, "a court should not automatically admit new evidence whenever it would help to reach an accurate decision." *Patton*, 480 F.3d at 492. A district court should admit new evidence only after carefully considering the relevant factors and finding that the benefits of increased accuracy exceed the costs. *Id.*

### A. Plaintiff's Motion to Compel [DE 79]

Through his Motion to Compel, Plaintiff requests from Dane Street information relating to pricing charged by Dane Street to Reliance between 2012 and 2014 and payments made based on the same; information regarding all payments made to Dr. Park for any medical examinations, reviews, or consultations between 2012 and 2014; all reports generated by Dr. Park to Dane Street for disability claims between 2012 and 2014, and statistics regarding the same; and information regarding all payments received by Dane Street from any company for reviewing disability claims from 2010 to 2017. Plaintiff claims that this information specifically is necessary to "fully evaluate the process by which Dane Street and Dr. Park reviewed and adjudicated Don Fessenden's claim on behalf of Reliance Standard, the legitimacy and credibility of Dane Street's record reviewing process, the legitimacy and credibility of Dr. Park's record review, whether bias played any role in Reliance Standard's selection of Dane Street to conduct a record review in this claim, any bias on the part of Dane Street in its record reviewing process and any bias by Dr. Park in supporting the denial of the claim." [DE 79 at 3–4]. The potential for bias or conflict of interest is the primary argument animating Plaintiff's remaining requests for information. Dane Street objects to these requests as

5

irrelevant, overbroad in terms of time and scope, unduly burdensome, not proportional to the needs of the case, extensively peripheral and tangentially related, and seeking highly confidential business and proprietary information. [DE 107 at 3].

Prior to the change in standard of review in this case, Plaintiff requested information regarding financial incentives, bias, or motivations that might have been involved in Reliance's claim process based upon a similar argument that a financial conflict of interest existed as between Reliance, Dane Street, and Dr. Park. [DE 31]. This Court denied Plaintiff's motion to conduct discovery to determine the extent to which Reliance's alleged conflict of interest influenced the denial of his claim based on its finding that Plaintiff failed to make "some showing that something besides the administrative record [was] necessary to assess the effect" of such a structural conflict. [DE 33 at 8]. The Court found there that Plaintiff "failed to show even an inference of misconduct" by Reliance in the handling of his claim, and that Reliance's Principles document, which details Reliance's active steps to eliminate any bias affecting independent medical professionals, mitigated any inference of undue influence. [DE 33 at 8–10].

Dane Street points to this prior order denying discovery, claiming that the application of a *de novo* standard of review does not change the analysis and that Plaintiff's Motion to Compel should be denied because he has again failed to proffer any further evidence of bias or conflict of interest. Dane Street's argument is well taken. Though a *de novo* standard of review allows for a broader scope of discovery, it does not automatically allow discovery of new evidence—it allows only for discovery of

evidence that is "necessary" to an "informed and independent judgment" on the parties' claims. *See Patton*, 480 F.3d at 491. It is true that a factor a court should consider in deciding whether to allow discovery of new evidence is "whether the plan administrator faced a conflict of interest." However, Plaintiff has not presented any evidence that would tend to demonstrate that a conflict of interest exists, and thus that discovery of the information sought through this Motion to Compel is necessary for the Court to make an informed and independent judgment on Plaintiff's claim.

The *de novo* standard of review does not change this Court's earlier finding that Plaintiff has adduced no evidence tending to point to a conflict of interest existing between Reliance, Dane Street, and Dr. Park that affected the claim evaluation process. Reliance's Principles and the fact that it utilizes Dane Street, a third-party vendor, to provide independent medical reviewers mitigates any inference of bias or impropriety in the review process. By requesting information relating to Dane Street's pricing, Reliance's payments pursuant thereto, and Dr. Park's compensation without offering any more substantial grounds for suspecting a conflict of interest, Plaintiff embarks on a fishing expedition. Had Plaintiff provided a scintilla of evidence to afford the Court with a reason to believe that a conflict of interest may have existed, production of the requested information may have been necessary for the rendering of an informed and independent judgment. However, the Plaintiff has not produced any evidence tending to support such a belief, and so discovery on these issues is unwarranted. Therefore, the Court denies Plaintiff's Motion to Compel.

### B.  Reliance's Motion to Compel [DE 105]

Through its Motion to Compel, Reliance requests from Plaintiff information relating to Plaintiff's application for disability income benefits from the SSA, including the SSA's final decision; Plaintiff's medical records from 2014 to present; information relating to Plaintiff's work history, including any employment since 2014; Plaintiff's tax returns and income sources from 2014 to present; and Plaintiff's personal records of his daily activities and functionality. Reliance claims that Plaintiff's SSA records, medical records, and personal recordings of daily functionality are relevant to Reliance's affirmative defenses to liability and relate back to Reliance's rationale for denying Plaintiff's claim. Reliance further claims that Plaintiff's work records and tax returns are relevant to the issue of damages should Reliance ultimately be found liable because any compensation received by Plaintiff in the years since his application would offset the amount owed by Reliance under the policy. As to the requests for employment records since 2014, records of income since 2014, and personal recordings of daily functionality since 2014, Plaintiff claims that no such records exist, as he has not worked since 2014 nor received income in any other form, and he has kept no personal records of his daily activities and functionality. As to the requests for his SSA application records, his medical records since 2014, and his tax returns since 2014, Plaintiff objects arguing that Reliance did not rely upon any of this information in denying him benefits and thus this information could only be used to fashion impermissible *post hoc* rationales for denial.

Plaintiff's objections to the requests for his updated medical records, updated work history, tax returns and records of income sources, and records of his daily

activities and functionality are well taken. This is an ERISA case, and all such cases are based on fixed administrative record, regardless of the standard of review applied. While the *de novo* standard of review applicable here allows for somewhat broader discovery than does the more deferential arbitrary and capricious standard, discovery under *de novo* review must still be limited to that information which is necessary for the court to make an informed and independent judgment on the issues in the particular case. *See Patton*, 480 F.3d at 491. In other words, discovery must be curtailed to evidence related to the fixed administrative record and the information and events surrounding that record. Therefore, Plaintiff's medical records since the time of Reliance's decision are not relevant because Reliance's 2014 denial of Plaintiff's application for benefits was based on Plaintiff's physical state and medical records thereof *at that time*. Therefore, Plaintiff's medical records from the time of the denial to present are not relevant to the issue of Plaintiff's disability in 2014 and should not be subject to discovery.

As Reliance suggests, however, Plaintiff's work history, tax returns, and records of other income sources for purposes would be relevant to determining whether the damages owed to the Plaintiff should be offset should Reliance be found liable. Indeed, information related to damages is relevant generally. Here though, Plaintiff has already noted that he has not worked at all since the denial of benefits in 2014 and has had no other sources of income. Plaintiff cannot produce what does not exist. Therefore, he need not provide any further response to these damages-related requests. Yet Plaintiff is reminded of his obligation to supplement his responses to these requests under Fed. R. Civ. P. 26(f) should anything change. Similarly, Plaintiff need not provide any further

9

response to Reliance's request for records of his daily activities and functionality, as Plaintiff has already noted that no such records exist.

Reliance's Motion to Compel only succeeds with regard to its request for information relating to Plaintiff's SSA application for disability income benefits, including records of the SSA's final decision. Reliance's letter denying Plaintiff's application for benefits in 2014 stated that the denial was based on Plaintiff's claim file, which included the SSA's initial denial of Plaintiff's claim for benefits. However, the SSA did not render a final decision on Plaintiff's claim until after Reliance's denial in 2014. As a result, the SSA's final decision on Plaintiff's application for benefits is relevant now to the fixed administrative record and the surrounding information and events because Reliance's denial was based in part on the SSA's initial decision. *See Patton*, 480 F.3d at 491. Accordingly, the Court grants in part Reliance's Motion to Compel as to its request for records of the SSA's final decision on Plaintiff's application for disability income benefits and denies it in part as to all other requests.

### III. CONCLUSION

For the reasons discussed above, the Court:

(1) **DENIES** Plaintiff's Motion to Compel [DE 79] as to the subpoena issued to Dane Street; and

(2) **GRANTS IN PART** and **DENIES IN PART** Reliance's Motion to Compel [DE 105] as outlined above.

**SO ORDERED** this 14th day of April 2020.

s/Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate Judge